# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO FLYNN, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 17-00459-TM-B |
| CYNTHIA STEWART, *et. al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Antonio Flynn filed the instant action seeking relief under 42 U.S.C. § 1983 while he was incarcerated at Holman Correctional Facility, Holman 3700, Atmore, Alabama 36503-3700. (Doc. 1). In an order dated October 24, 2017 (doc. 4), the Court granted Flynn's request to proceed *in forma pauperis* (doc. 3). Flynn was advised that it was his duty to immediately advise the Court of any change of address, including when he was released, transferred, etc. (Doc. 4 at 4). He was also cautioned that failure to update the Court of a change in his address would result in a recommendation that his action be dismissed for failure to prosecute and obey the Court's order. (Id.).

On December 18, 2017, Flynn updated his address to reflect that he had been transferred to Bibb County Correctional Facility, 565 Bibb Lane, Brent, Alabama 35034. (Doc. 6). On August 30, 2018, notice was sent to Flynn at the Bibb County Correctional Facility

advising him that his case was being transferred from the docket of Senior United States District Judge Callie V.S. Granade to that of United States District Judge Terry F. Moorer. (Doc. 8). On September 13, 2018, the notice to Flynn was returned as undeliverable. (Doc. 9). The notation on the envelope indicated that the mail was being returned because it was "not deliverable as addressed" and that Bibb County Correctional Facility was "unable to forward." (Id. at 1). Based upon a subsequent search of the website for the Alabama Department of Corrections ("ADOC"), it appears that Flynn is no longer in ADOC's custody. Further, Flynn has not provided the Court with an updated address. As Flynn is no longer in the custody of ADOC and has neglected to keep the Court apprised of his current address, the Court has no means by which to communicate with him, and surmises that he has lost interest in this action.

In light of the above, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v.

2

International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge

on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **September, 2018.**

                **/s/ SONJA F. BIVINS**
              **UNITED STATES MAGISTRATE JUDGE**