**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANTONIO FLYNN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACT. NO. 1:17-cv-459-TFM-B** |
| | ) | |
| **CYNTHIA STEWART, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On October 16, 2017, Plaintiff Antonio Flynn, then an inmate at Holman Correctional Facility in Atmore, Alabama, filed a *pro se* Complaint under 42 U.S.C. § 1983 alleging he was seriously injured in a stabbing on Holman's segregation yard on October 13, 2015, and that the defendants failed to protect him – all in violation of his civil rights. (Doc. 1). On October 24, 2017, the Court granted Flynn's request to proceed *in forma pauperis*. (Doc. 3).

On September 20, 2018, the magistrate judge entered a Report and Recommendation ("R&R") that this case be dismissed without prejudice for failure to prosecture and obey the court's orders. (Doc. 10). In the R&R the magistrate judge noted that Flynn originally had updated his address with the Court on December 18, 2017, to reflect his transfer to Bibb County Correctional Facility in Brent, Alabama. However, a subsequent notice from the Court was returned as undeliverable on September 13, 2018. Additionally, the Alabama Department of Corrections Website at that time showed no current custodial address for Flynn, and he had not provided the Court with an updated address since December 2017. Because Flynn had failed to apprise the Court of his current address and the Court had no means to communicate with him, the magistrate judge surmised that Flynn had lost interest in the action and recommended dismissing the case

without prejudice. Flynn was informed that he had fourteen days to file objections. No objections were filed, and the Court received a further notice that the mail was returned as undeliverable. Thus, on October 22, 2018, the Court adopted the R&R as its opinion, dismissed the case without prejudice, and entered a final judgment. (Docs. 12-13).

On November 26, 2018, Lester Hails and Bridgett Flynn ("the Siblings") filed a *Motion for Substitution of Parties* (Doc. 15) and a *Motion to Reconsider/Vacate Judgment* (Doc. 16). In their motion for substitution, Hails and Bridgett Flynn assert that they are Antonio Flynn's siblings and ask the Court to substitute them as parties to Flynn's action under Fed. R. Civ. P. 25(a)(1). They assert that Hails and Antonio Flynn's mother, Fosteen Flynn, visited the plaintiff in the hospital after his stabbing, and that his injuries were "devastating," resulting in "extreme pain, damage to his artery and vocal chords, permanent weakening of his voice, puncture wounds to his face and shoulder, and visible scarring across his neck and jaw." (Doc. 15 at 2). The Siblings assert that Flynn died on May 15, 2018, while still incarcerated at Bibb County Correctional Facility.

The Siblings allege that because Flynn was pursuing his case *pro se*, there was no counsel to alert his family regarding the status of the case and they had learned of their brother's lawsuit only a week earlier before filing the instant motions. They aver Flynn was incarcerated at age 17, with no spouse, no children, and an absent father, and that his mother died on November 28, 2016. They further argue that Hails – who is ten years older than Flynn – had acted as Flynn's guardian since his arrest and throughout his incarceration, and that the Siblings both were on Flynn's visitation list and were Flynn's emergency contacts with the Department of Corrections.

In their second motion, the Siblings ask that the Court reconsider and vacate the judgment in their brother's case under Fed. R. Civ. P. 59(e) and/or 60(b). They concede that their motion is untimely under Rule 59(e) because it was not filed within 28 days of entry of judgment but argue

that dismissal of the case for failure to keep the court apprised of his address was a manifest error of fact because their brother died and was physically unable to continue prosecuting his case. They also argue that Flynn's inability to communicate with the court is excusable neglect under Rule 60(b), that there is no evidence the delay prejudiced the defendants, who have not responded to the complaint, and that the delay was not the result of bad faith or deliberate misconduct.

It does not appear that either of the Siblings is a licensed attorney. Each motion will be discussed in turn.

## Motion for Substitution of Parties

Fed. R. Civ. P. 25(a)(1) provides that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." The rule further instructs that, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Moreover, 28 U.S.C. § 1654 authorizes parties in federal court to plead and conduct their own cases personally or via counsel. 28 U.S.C. § 1654. However, the right to proceed *pro se* "is limited to those parties conducting their own cases and does not apply to persons representing the interests of others." *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (quotations omitted); *also see, e.g., Reshard v Britt*, 839 F.2d 1499, 1500 (11th Cir. 1988) (affirming, by operation of law, the district court's order requiring personal representatives of an estate to retain counsel in order to proceed in wrongful death suit on behalf of the estate); *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th Cir. 1984) (stating that the district court correctly refused to allow a shareholder to represent the corporation in which he held shares *pro se*).

Thus, Flynn was permitted under the law to represent himself in pursuing his § 1983 claim, but Flynn's non-lawyer Siblings cannot pursue Flynn's claims as their own as plaintiffs in this case, nor can they represent Flynn's estate *pro se* in the case following his death. Accordingly, the motion for substitution of parties is **DENIED**.

## Motion to Reconsider/Vacate Judgment

Under Fed. R. Civ. P. 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Under Fed. R. Civ. P. 60(b), the court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); or (6) for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(2), (6). A motion filed under Rule 60(b) must be filed within a "reasonable time" and, for reasons (1) and (2) above, no more than a year after the entry of judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c). A court "must not extend the time to act" under Rules 59(e) or 60(b). Fed. R. Civ. P. 6(b)(2).

Here, the Siblings are not parties to this case, and so their motion must fail. Rule 59(e) explicitly states that a motion to alter or amend judgment may be filed by a *party*. *See* Fed. R. Civ. P. 59(e). The Siblings are not a party to this case and cannot, for the reasons already stated, represent their brother's interests *pro se*. Moreover, as the Siblings concede, their motion is untimely under Rule 59(e). Thus, their motion could only be considered under Rule 60(b). However, here, too, the Siblings are not a party to the case or their brother's legal representative. *See Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1519-20 (11th Cir. 1987) (noting that the "general rule is that one must either be a party or a party's legal representative in order to have standing to

bring any Rule 60(b) motion" and "the term legal representative was intended to reach only those individuals who were in a position tantamount to that of a party or whose legal rights were otherwise so intimately bound up with the parties that their rights were directly affected by the final judgment"). Accordingly, the motion to reconsider/vacate judgment is **DENIED**.

In the event the Siblings elect to obtain counsel to represent their brother's interests, motions may be refiled within the time frames proscribed by the relevant rules. Additionally, the Court notes that the dismissal in this case was *without prejudice* and therefore the case may be refiled as a new separate action so long as it is within the appropriate statute of limitations and in compliance with other legal requirements (to include representation by counsel and other legal requirements to represent a decedent).

**DONE** and **ORDERED** this 14th day of December, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE